UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ALANE JOY LEE, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )  Civil No. 06-57-B-W |
| | ) |
| BATH IRON WORKS, et al., | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION AND ORDER DENYING SERVICE**

Pro se plaintiff Alane Joy Lee has filed a letter motion for service by U.S. Marshal. (Docket No. 11.) Pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(d) Lee is entitled to have service made by the Marshal, especially in light of the fact that she attempted service by waiver and did not receive a response. Nevertheless, I am denying her motion for service because I am not persuaded that her amended complaint (Docket No. 6) states a claim and, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii), this court "shall dismiss the case at any time" if the complaint fails to state a claim. Accordingly, I recommend that this court dismiss this complaint without prejudice because it fails to state any cognizable claim against the three named defendants.

**The Allegations of the Amended Complaint**

Lee filed her first complaint on May 5, 2006, listing as plaintiffs herself, her deceased husband, her three "dependants" and all workers employed by Bath Iron Works and General Dynamics. In the body of the complaint she charged the three named defendants (Bath Iron Works, General Dynamics and the United States Navy) with "DISCRIMINATION" and sought $250,000,000 in damages. She sought court appointed counsel in the body of the complaint,

alleging that she was "an ADA-qualifying disabled individual." She also alleged that she and her husband had at one time been employees of Bath Iron Works and claimed her complaint was brought "under mandate of plaintiff's Citizen Advisory Initiative Public Notice Petition 602 to the US Congress." According to Lee's complaint, a Department of Labor Administrative Law Judge, the Maine Worker's Compensation Board, the named defendants, and "other Federal agencies" have ignored her "legally filed complaints" on these issues. Lee's original complaint also alleged various crimes of "Fraud, Trickery, Blackmail and Extortion in violations of the Hobbs Act for Sexual Humiliation and blackmail" but provided no specific factual statements in support of her conclusory allegations. The sum and substance of Lee's original factual allegations, consisted of the following parenthetical:

> (Tom Lee was working on the job he was trained to do in the US Navy under a US Navy CONTRACTED supervisor of the job who was directly responsible for the accident's having taken place with BIW electrical department negligence and liability.) These three Lee children have been denied treatment and compensation by this employer and the US Navy-Federal Government as reported to the US VA- for their complicity in discrimination against Thomas and Alane in aiding and abetting the cover-up of the accident and recently documented incidents in law enforcement reporting and affidavits surrounding the deliberate ostracizing and forced termination of Thomas E. Lee's employment through blackmail and intimidation of a mentally-disabled worker and other BIW employees who were knowledgeable about this accident, the sick leaves, (including but not limited to Alane Joy Lee, who has suffered intensely for over 25 years from their on-going discriminative actions.)

Lee also alleged that the defendants made "illegal use" of her former attorney, Roger Golin, in conjunction with Bath Iron Works' insurance department saying that the proof of this allegation could be found in polygraph results sent to the Department of Justice.

Upon review of her initial filing, I did determine that Lee qualified for in forma pauperis status, but my review of the initial complaint led me to believe it had serious deficiencies which would result in the termination of this case if not corrected. I informed Lee that she had until

2

June 8, 2006, to file an amended complaint stating her claim clearly in numbered paragraphs. I also informed Lee that the only claims she could bring were claims on her own behalf and that the amended complaint should explain clearly what relief she claimed for herself, not for other workers, a deceased's estate, or grown children. Lee attempted to comply with my order and filed an amended complaint on June 7, 2006. (Docket No. 6.)

In an addendum accompanying the amended complaint, Lee stated her action was brought under the Americans with Disabilities Act and Section 503 of the Rehabilitation Act. She attached to this addendum a copy of the original typed complaint with certain handwritten changes, consisting primarily of the deletion of the names of the other plaintiffs from the caption and mentioning that the willful discrimination she complained of "in conjoined sick leave with Alane Joy Lee." She also added an allegation "to deny plaintiff access to privileged records of injury, safety ( testing?), & compensation due" in the section relating to allegations of criminal conduct. She also claimed "discriminative acts of violence against Alane Joy Lee." Once again there were no specific factual allegations relating to the who, what, where, why and when of her complaint.

### Discussion

Section 1915 of title 28 contains the following provision concerning <u>in forma pauperis</u> actions:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal—
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or
> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Lee's complaint is neither frivolous nor malicious in the sense that she has not been a repeat filer with this court, she has not sued a large number of individuals in this action, and she does allege in the amended complaint at least the barebones allegation of a case of employment discrimination against herself by Bath Iron Works.  There may very well be an issue regarding sovereign immunity pertaining to the United States being named as a defendant against whom monetary damages are sought, but the two private defendants would not be able to assert that sort of immunity in an ADA or Rehabilitation Act case if such a claim were stated.  Therefore I have focused my analysis on the question of whether this amended complaint (or the original complaint) actually states a claim against any of the defendants.  I have tried to indulge every reasonable inference in favor of the pro se litigant.  The Supreme Court has long held that complaints drafted by non-lawyers are to be construed with some liberality.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Lema v. United States, 987 F.2d 48, 54 n. 5 (1st Cir.1993) ("Given [plaintiff's] pro se status, the reference by attachment, though perhaps technically deficient, was sufficient to alert the court and the government to the specific basis of [plaintiff's] claims.").  My recommendation is not based upon any technical deficiency, but rather it is based upon the fact that no rational reading of these pleadings can discern any material facts in support of any meritorious legal claim.

      The First Circuit does not readily endorse the notion of dismissing pro se in forma pauperis complaints under § 1915(e)(ii).  Fredyma v. A T & T Network Sys., Inc., 935 F.2d 368, 368 (1st Cir. 1991) (per curiam) (explaining that, under § 1915(e), "a sua sponte dismissal without notice . . . is appropriate only if a claim is premised upon 'an indisputably meritless legal theory' or 'factual allegations [that] are clearly baseless.'") (citing Neitzke v.

Williams, 490 U.S. 319, 325, 327 (1989)).  However, in this case Lee was put on notice concerning the deficiencies in her complaint and rather than go back to the drawing board and explain what her own claims consisted of, she chose to resubmit the original complaint with handwritten scrawl attempting to broaden her allegations but failing to provide any additional factual basis for the complaint that now purports to be brought under the ADA and the Rehabilitation Act.

As best I can ascertain from the factual allegations, the following facts have been asserted:

> 1.  At some point in time Lee and her now deceased husband were employed by Bath Iron Works and there was "deliberate ostracizing and forced termination of Thomas E. Lee's & Alane Joy Lee's employment through blackmail and intimidation of a mentally-disabled worker and other BIW employees who were knowledgeable about this accident."  (See Amended Complaint ¶ 4)  Lee has been at odds with these companies for over twenty-five years. (Id.)
>
> 2.  Lee's deceased husband was involved in an industrial accident at some point in time and Lee is dissatisfied with the results of the various investigations and claims that arose in connection with the accident.  (Id. ¶¶ 3, 4.)
>
> 3.  Lee and her husband have a qualifying disability under the ADA, and she alleges that one or both of them were "mentally-disabled." (Id. ¶ 4.)
>
> 4.  The US Navy and perhaps other Federal and State agencies have been involved in a "cover-up" of the accident.  (Id.)
>
> 5.  Plaintiff Lee previously reported both Bath Iron Works and General Dynamics for discrimination and document fraud to the Maine Worker's Compensation Board, the Department of Labor and other federal agencies.  Bath Iron Works is described as "General Dynamics subsidiary self-insured company."  (Id. ¶¶ 5, 6.)

Based on the allegations in the revised complaint, I cannot even speculate about the legal theory underlying the claim against General Dynamics.  The only facts I discern being alleged are that Bath Iron Works is a subsidiary of General Dynamics and that Lee has complained against both entities repeatedly, to no avail, to various governmental agencies.  If one simply

parses the grammar of ¶ 5 of the amended complaint it is clear that the allegations of deliberately withholding documents pertain solely to Bath Iron Works.  The complaint does not state a claim against General Dynamics and that entity should be dismissed.

The asserted claims against the United States Navy are equally difficult to discern.  The Navy is charged with failing to report the accident involving Lee's husband and a radar magnetron unit to OHSA and with failing to alert union workers and authorities "as required by contract agreement."  Accepting these allegations as true, I am at a loss to identify any contractual or statutory rights inuring to the benefit of Alane Joy Lee that would give rise to a private cause of action brought by her against the Navy because of these allegations.  She also alleges that the United States Navy-Federal Government have denied the three Lee children "treatment and compensation," but there is nothing in the complaint to explain how she alleges this obligation arose and under what legal theory she now has standing to bring this complaint on the children's behalf.  I am satisfied Lee fails to state a claim against the United States Navy.

Lee's allegations relating to Bath Iron Works are a bit more difficult to analyze under the traditional Rule 12(b)(6) failure to state a claim standard.  In the amended complaint Lee describes herself as a former employee of Bath Iron Works and she alleges that she was wrongfully terminated on the basis of her disability.  As Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 (2002), made clear, to survive dismissal based on failure to state a claim a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief."  This statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  A court confronted with a Rule 12(b)(6) motion "may dismiss a complaint only if

it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

  Lee could possibly state a claim against Bath Iron Works under these circumstances, but given the way the allegations of her prior employment are asserted and the conclusory nature of her allegations, it is impossible to know if a claim has been stated in the amended complaint. Describing oneself in the complaint caption "as ADA qualifying disabled individual for self as former BIW employee" simply does not provide the court or the defendant with a basis to respond to a complaint for employment discrimination based upon disability. Before I order the Marshal to make service on Bath Iron Works on this basis, plaintiff should be required to comply with my order of May 8, 2006 to submit a "a short and plain statement of the claim" she is making against Bath Iron Works on her own behalf. She has still failed to do this and responding to my earlier order by dressing up the caption and penciling in some additional conclusory allegations and numbered paragraphs does not make this complaint actually state a claim against Bath Iron Works. If plaintiff wishes to pursue an employment discrimination complaint on her own behalf under the ADA and the Rehabilitation Act against Bath Iron Works, she should state the substance of that claim in a new, proposed amended complaint. That complaint should include when, where, and how Lee claims *she* was discriminated against by her former employer. Based upon the pleadings now before the court, that claim is the only potential claim for monetary damages I am able to identify in the existing documents.

  Based upon the foregoing I recommend that the court dismiss this complaint without prejudice against General Dynamics and the United States Navy pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim against either defendant. As to Bath Iron Works I

7

recommend the complaint be dismissed as well because Lee has failed to comply with my Order to submit an amended complaint that clearly sets forth *her* claim against Bath Iron Works.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

August 3, 2006